IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| *In re*: | ) |
| | ) |
| **Assets:** | ) |
| | ) |
| ONE (1) COBRA ENTERPRISES, INC., | )   CASE NO. 5:16-MC-6 (MTT) |
| KODIAK IND., MODEL: CB9 | ) |
| DERRINGER, 9MM CALIBER PISTOL, | ) |
| SERIAL NUMBER: CT065244; | ) |
| | ) |
| TWO (2) ROUNDS OF 9MM CALIBER | ) |
| AMMUNITION; AND | ) |
| | ) |
| ONE (1) ROUND OF .380 CALIBER | ) |
| AMMUNITION. | ) |
| | ) |

## ORDER

This matter is before the Court on the Government's motion for destruction. Doc. 1. The Government moves for an order authorizing it to direct the destruction of property seized from James Lewis Blue, specifically: one (1) Cobra Enterprises, Inc., Kodiak Ind., Model: CB9 Derringer, 9mm caliber pistol, Serial Number: CT065244; two (2) rounds of 9mm caliber ammunition; and one (1) round .380 caliber ammunition. *Id.* at 1. The motion is **GRANTED**.

## I. BACKGROUND

On February 19, 2016, a deputy of the Bibb County Sheriff's Office arrested Mr. Blue for willful obstruction of law enforcement officers. Doc. 1-1 at 1-2. The deputy also seized weaponry, described above, from Mr. Blue. *Id.* at 2. Mr. Blue purchased the firearm in 2009 and was the sole owner of the gun and ammunition. *Id.* at 4. However, Mr. Blue's 2010 conviction of battery under the Family Violence Act prohibited him from

legally possessing a firearm.  *Id.* at 3-5; *see* 18 U.S.C. § 922(g)(9) (barring offenders of misdemeanor crimes of domestic violence from possessing firearms); *see also* 18 U.S.C. § 921(a)(33)(A) (defining misdemeanor crimes of domestic violence which bar firearm possession).  Special agents from the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives interviewed Mr. Blue on March 28, 2016, and the Bureau initiated administrative forfeiture proceedings for the weaponry.  Doc. 1-1 at 3.  Mr. Blue filed a claim for the firearm with the Bureau, and the Bureau then referred the matter to the United States Attorney for the Middle District of Georgia.  *Id.*  The United States Attorney failed to timely file a civil judicial forfeiture complaint, due by August 8, 2016.  *Id.*

The Government now requests an order authorizing it to destroy the firearm.  The Government argues that without such an order, it "will be required to maintain, at an ever increasing cost, custody and control of the said firearm and ammunition for an indefinite period of time."  *Id.* at 3.

## II. DISCUSSION

The limitation period passed before the Government commenced a civil judicial forfeiture proceeding.  *Id.*  The Government therefore requests that the Court use authority pursuant to the All Writs Act, 28 U.S.C. § 1651.  Doc. 1 at 1.  Section 1651 specifies that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  The Government contends that no specific statute authorizes the destruction the Government requests.  Doc. 1-1 at 4.  But the Government points to the All Writs act as "a residual source of

authority to issue writs that are not otherwise covered by statute." *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43 (1985).

The Eleventh Circuit has expressly adopted Eighth Circuit persuasive authority that "if an individual is a convicted felon, that individual will not be entitled to the return of seized firearms, either directly or indirectly. Requiring a court to return firearms to a convicted felon would not only be in violation of federal law, but would be contrary to the public policy behind the law." *United States v. Howell*, 425 F.3d 971, 976 (11th Cir. 2005) (citing *United States v. Felici*, 208 F.3d 667 (8th Cir. 2000)). The Third Circuit has adopted a similar rule and has approved using the All Writs Act as a mechanism for a district court to approve the destruction of firearms and ammunition. *United States v. Smith*, 142 F'Appx. 100, 101-02 (3d Cir. 2005). Several district courts in other circuits have authorized destruction through the All Writs Act in similar circumstances. *See, e.g.*, *United States v. Szpyt*, 783 F.Supp.2d 177, 178-79 (D.Me. 2011); *In re. Destruction of Firearms and Ammunition*, 2009 WL 2425971, at *1 (N.D. Cal.); *United States v. Oleson*, 2008 WL 2945458, at *1, 3 (N.D. Iowa). Mr. Blue was personally served on November 4, 2016, and he has not objected or responded to the Government's motion. Doc. 2. The Court therefore finds that destruction of the firearm and ammunition is appropriate.

### III. CONCLUSION

Accordingly, the Court **GRANTS** the Government's motion for destruction.

**SO ORDERED,** this 14th day of February, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
